UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED

00 OCT 27 PM 2: 55

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

CATHY UNGER,

    Plaintiff,

vs.    Case No. 8:99-CV-1246-T-27C

STATE OF FLORIDA, DEPARTMENT
OF CORRECTIONS,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** came on to be considered on Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment (Dkt. 37). The Court having reviewed said motion and being otherwise fully advised in the premises, finds as follows:

Middle District of Florida Local Rule 3.01(c) unambiguously provides that "[a]bsent prior permission of the Court, no party shall file any brief or legal memorandum in excess of twenty (20) pages in length." Rule 3.01(c) does not contain any proviso indicating that non-substantive material may be included on a 21st page.

Defendant has filed two motions for summary judgment that are not in compliance with Rule 3.01(c). Defendant initially filed a twenty-five page motion along with a Motion for Leave to File Memorandum of Law in Excess of Twenty Pages (Dkt. 27) on the date dispositive motions were due, June 5, 2000. The Court denied Defendant's motion to exceed the limitations proscribed in Rule 3.01(c). (Dkt. 32). Rather than comply with the Court's Order and Rule 3.01(c), on June 26, 2000, Defendant filed another Motion for Summary Judgment (Dkt. 34) that was in excess of twenty pages.

42

Plaintiff now seeks to strike Defendant's Motion for Summary Judgment on the grounds that it is not in compliance with Rule 3.01(c) and that it was untimely filed beyond the June 5, 2000, deadline for filing dispositive motions.

Defendant contends that this Court should deny Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment because the Court's Order denying Defendant's Motion for Leave to File Memorandum of Law in Excess of Twenty Pages was ambiguous in that it did not advise Defendant of the course of action it should take as a result of the Order. Defendant also states that the Court's judicial assistant and law clerk advised Defendant to file a new untimely motion for summary judgment. The Defendant's contentions are not well taken.[1] Defendant should have timely filed its Motion for Summary Judgment in compliance with Rule 3.01(c). Having failed to do so, the Court strikes Defendant's Motion for Summary Judgment.

Additionally, the Court recognizes that Plaintiff has also failed to comply with this Court's Order denying Plaintiff's Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment (Dkt. 33). That Order required Plaintiff to file her response to Defendant's motion by June 22, 2000. Plaintiff filed an untimely response on July 14, 2000, well after the deadline for such response. This Court admonishes Plaintiff for failing to comply with the Court's Order.

This matter is scheduled to proceed to trial in December 2000 and the Court anticipates that future proceedings will be conducted in full compliance with the applicable laws and rules of

---

[1] Defendant should have filed a motion for clarification if Defendant had a good faith belief that the Court's Order was ambiguous. Additionally, Defendant could have avoided the problem of an untimely filed motion by seeking leave to exceed the page limit before the time for filing dispositive motions expired.

2

procedure. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment (Dkt. 37) is GRANTED.

**DONE AND ORDERED** in chambers this 26th day of October, 2000.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record